IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| TYMAR LEVON ROUSE, ) | Civil Action No.: 4:04-cv-22472-DCN-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| TOM FOX, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## I. PROCEDURAL BACKGROUND

The plaintiff, Tymar Levon Rouse "plaintiff/Rouse"), filed this action under 42 U.S.C. § 1983[1] on October 25, 2004. Plaintiff alleges that his constitutional rights were violated due to cruel and unusual punishment as a result of overcrowding while a pre-trial detainee at the J. Reuben Long Detention Center. Plaintiff seeks compensatory damages. The defendant filed an answer on January 5, 2005. On April 15, 2005, defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure along with a memorandum and affidavits in support of that motion (document #10). Because the plaintiff is proceeding pro se, he was advised on or about April 15, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendant's motion for summary judgment with additional evidence or counter affidavits could result in dismissal of his complaint. The Roseboro Order was returned by the United States Postal

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Court.

Service as undeliverable. On April 26, 2005, the Clerk of Court re-mailed the <u>Roseboro</u> Order to plaintiff at the address provided by defendant in the summary judgment motion (122 Oxford Village, Tabor City, North Carolina 28463). The <u>Roseboro</u> Order was not returned but plaintiff has failed to file a response and has failed to provide the court with a change of address.

### A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. <u>Ballard v. Carlson</u>, 882 F.2d 93 (4th Cir. 1989), <u>cert</u>. <u>denied</u> 493 U.S. 1084 (1990) and <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

<u>Davis v. Williams</u>, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding <u>pro se</u> so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendant's motion for summary judgment, has not provided the court with a current address, and has not filed anything in his case since the filing of the complaint on October 25, 2004. The undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action

be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II. DISCUSSION

The undersigned recommends dismissal of the complaint pursuant to Fed. R. Civ. 41(b) as set forth above.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 6, 2005
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**